UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

FRITANGA MONIMBO MILLER SQUARE, INC.
d/b/a FRITANGA MONIMBO at Miller Square and
MILLER INVESTMENTS OF MIAMI, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Fritanga Monimbo Miller Square, Inc. d/b/a Fritanga Monimbo restaurant and Defendant Miller Investments of Miami, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of public accommodations to test whether the public accommodations are in compliance with the ADA and ADAAG.

5. Defendant Fritanga Monimbo Miller Square, Inc. (also referenced as "Defendant FM Miller Square," "operator," lessee" or "co-Defendant") is a Florida for profit corporation. Defendant FM Miller Square is the owner and operator of the Fritanga Monimbo restaurant located at 13741 SW 56 Street Miami, Florida 33175 and is the subject of this action.

6. Defendant Miller Investments of Miami, LLC (also referenced as "Defendant Miller Investments," "lessor," "owner," or "co-Defendant") is a limited liability company authorized to transact business in the state of Florida. Defendant Miller Investments is the owner of real property built out as a mixed-use strip mall located at 13741 SW 56 Street, Miami, Florida 33175 which is adjacent to the Miller Square community shopping center. The commercial property is also referenced as Folio 30-4927-010-0021. Defendant Miller Investments leases its mixed-use strip mall to various public accommodations including a

portion leased to co-Defendant FM Miller Square, who in turn operates its Fritanga Monimbo restaurant (which is the subject of this instant action) at that location.

## FACTS

7. The Fritanga Monimbo restaurant which is the subject of this action is one of a small chain of restaurants with the "Fritanga Monimbo" name brand. The Fritanga Monimbo restaurant chain serves Nicaraguan cuisine including (but not limited to) Carne Asada, Gallo Pinto, Fried Cheese, and a signature Cacao drink rotisserie chicken, Peruvian food and beverages. The Fritanga Monimbo restaurant which is the subject of this action is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as a restaurant serving food and drinks. The Fritanga Monimbo restaurant located at 13822 SE 56 Street (which is within Defendant Miller Investments' strip mall) which is the subject of this complaint is also referenced as "Fritanga Monimbo restaurant," "Fritanga Monimbo at Miller Square," "restaurant," or "place of public accommodation."

8. As the operator of a restaurant open to the public, Defendant FM Miller Square is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant as delineated at 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

9. Due to frequently being in the area near or about Fritanga Monimbo restaurant at Miller Square, on September 13, 2021 Plaintiff went to that restaurant to purchase a meal.

10. On perambulating into the restaurant and then while using the restroom within the restaurant Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible parking lot and restroom facilities, Plaintiff has been denied full and equal access by the operator of the restaurant (Defendant FM Miller Square) and by the owner of the commercial property which houses the restaurant (Defendant Miller Investments).

12. Defendant FM Miller Square is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, Defendant FM Miller Square's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Fritanga Monimbo restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of a strip mall which is open to the public and which is operated as various places of public accommodation including the Fritanga Monimbo restaurant, Defendant Miller Investments is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). On information and belief, as an investor and owner of commercial property being used in multiple instances as a place of public accommodation, Defendant Miller Investments is aware of the ADA and the need to provide for equal access in all areas of its property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its strip mall is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize and/or test the Fritanga Monimbo restaurant at Miller Square for compliance with the ADA/ADAAG, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Fritanga Monimbo restaurant at Miller Square, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff encountered multiple areas of inaccessibility within the parking lot and restroom facilities. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant FM Miller Square (operator of the Fritanga Monimbo restaurant at Miller Square) and Defendant Miller Investments (owner of the strip mall housing that restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Fritanga Monimbo restaurant at Miller Square.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

6

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Miller Investments which houses the Fritanga Monimbo restaurant (operated by Defendant FM Miller Square) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the lessee/operator are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces (which are in the accessible parking by the Auto Tag Agency) are located on an excessive slope. Failure to provide accessible means of egress from the parking space/area to the restaurant due to the slope of the accessible parking spaces is a violation of 2010 ADA Standards for Accessible Design Sections 207.1 and 502.4. Section 502.4 states that parking spaces shall comply with Section 302 and changes in level are not permitted. Defendants are also in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking space access isle is on an excessive slope. The fact that the parking space access isles are on an excessive slope is a violation of Section 502.4 of the 2010 ADA Standards for

   Accessible Design which states that parking space access aisles must be at the same level as the parking spaces they serve and that changes in level are not permitted. This is also a violation of Section 4.6.3 of the ADAAG which states that parking space access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

iii. As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the curb ramp, as the curb ramp flared sides have a non-compliant slope. Because the curb ramp has a non-compliant slope on the flare sides, this is a violation of Section 4.7.5 of the ADAAG at Fig 12, which states that the slope of the flared side shall not exceed 1:12. This is also a violation of Section 406.3 of the 2010 ADA Standards for Accessible Design which states that curb ramp flares shall not be steeper than 1:10.

iv. As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), failure to have permanently designated interior spaces with proper signage, as the signage does not provide braille or raised characters, which is in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided. Failure to provide compliant clear floor space in the restroom is a violation

of Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards for Accessible Design. Section 4.22.3 states that an unobstructed turning space must comply with Section 4.2.3 within an accessible toilet room. Section 4.2.3 and Section 304.3 give the dimensions of wheelchair turning space as the space required for a wheelchair to make a 180-degree turn being clear space of 60 in (1525 mm) diameter (Sec 4.2.3 Fig. 3(a)) or a T-shaped space (Sec 4.2.3 Fig. 3(b)).

vi. As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the trash can which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design.  According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall

|      | |
|------|---|
|      | (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet). |
| viii. | As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not at a compliant height from the finished floor. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor measured to the top of the gripping surface. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finish floor measured to the top of the gripping surface. |
| ix. | As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not at a compliant height from the finished floor. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finish floor measured to the top of the gripping surface. |

    x.   As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

    xi.   As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the toilet compartment flush control is mounted toward the wall side, in violation of Section 4.16.6 which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The none compliant flush control is also in violation of Section 604.6 of the 2010 Standards for Accessible Design which states that flush controls shall be located on the open side of the water closet (except in ambulatory accessible compartments complying with 604.8.2).

    xii.   As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the

        finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow.  The subject toilet paper dispenser is in violation of these sections.

xiii.    As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection.  The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

xiv.    As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the bottom sink pipes are not

        completely wrapped; hence, there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xv.   As to Defendant FM Miller Square (lessee/operator) and Defendant Miller Investments (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror as it is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

26.   Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a restaurant accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

27.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Miller Investments of Miami, LLC (owner of the property housing the Fritanga Monimbo restaurant) and Defendant Fritanga Monimbo Miller Square, Inc. (operator of the restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the commercial property built out as a strip mall as well as the Fritanga Monimbo restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 15th day of December 2021.

                                                   Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*